LaUM SNOW & another, executors, *vs.* CATHERINE FOLEY & others.

Bristol.    Oct. 28. — Nov. 3, 1875.    WELLS & MORTON, JJ., absent.

A testator by his will bequeathed a certain sum of money to trustees, who were directed to pay the income accruing therefrom to his wife during her life. The will provided that the trust should terminate upon the death of the wife, when the trustees were directed to pay over to his wife's niece the sum of $3000; a certain sum to another legatee, and the residue of the trust fund to the residuary legatees. A codicil to the will provided : " To my wife's niece I give the sum of $7000 in addition to the $3000 given in my will, making $10,000 ; and I ratify and confirm my said will in all other particulars." *Held,* that the legacy given by the codicil must be paid from the trust fund upon the same conditions as the original legacy to the niece.

BILL IN EQUITY by the executors of the will and codicil of Thomas Sullivan, against the legatees named in the will, to obtain the instructions of the court. The testator by his will, which was dated September 5, 1873, after declaring that his lawful debts and funeral expenses should be paid, devised and bequeathed to his wife, Julia A. Sullivan, specific real estate and chattels, and gave $30,000 to trustees, who were directed to invest the same and pay to his wife the income accruing therefrom during her life. The will then provided as follows :

" After the decease of my said wife, Julia A. Sullivan, I direct that said trust shall end and determine, and from the capital of said trust fund, I give, bequeath and devise the following legacies, which I direct my said trustees then to pay over, to wit :

" 1st. To my wife's niece, Ida A. Kanouse, I give the sum of three thousand dollars.

" 2d. To Marion Flavan, the daughter of my sister Hannah Barrett, by her first husband, of Halifax, Nova Scotia, I give the sum of two thousand dollars.

" 3d. All the rest and residue of said trust fund shall fall into the residue and be disposed of as hereinafter provided."

" All the rest, residue and remainder of my property and estate of every description, I give, bequeath and devise unto my two sisters, Catherine Foley, wife of Robert Foley, and Hannah Barrett, wife of James Barrett, all of Halifax, Nova Scotia, to them and their heirs to be equally divided between them, and in case of the decease of either or both of my said sisters prior to my decease, then to her or their issue by right of representation."

The codicil to the will, dated November 10, 1873, provided as follows : " To my wife's niece, Ida A. Kanouse, I give the sum of seven thousand dollars in addition to the three thousand dollars given in my will, making $10,000 ; and I ratify and confirm my said will in all other particulars."

The bill alleged payment to the trustees named in the will of the trust fund of $30,000, and that there remained in the hands of the executors certain personal property not yet converted into cash, but amounting to $8065 at the inventory values, which, after deducting charges of administration, was applicable to the payment of the legacies given in the will and codicil; and that the said Ida A. Kanouse claims that, by the true meaning and construction of said will and codicil, her said legacy of $7000 given in said codicil is payable, so far as there are funds in the hands of said executors to pay the same, out of the residuum of said estate after the creation of said trust fund, and that the payment thereof is not deferred to the decease of the said Julia A. Sullivan, the widow of said deceased, and she has demanded payment of the same ; but that the residuary legatees claim that said legacy of $7000 is payable out of said trust fund at the termination of said trust after the decease of said Julia ; and they claim that the funds in the hands of said executors ought to be paid to them, and they have demanded the same.

The answers of the defendants admitted the averments of the bill.

*C. W. Clifford*, for the guardian of Ida A. Kanouse. All bequests given by a codicil are to be paid out of the residuum so far as it is sufficient, unless the bequest specifies some other mode of payment. 1 Jarman on Wills, (Perkins's ed.) 201, and cases

cited. This is an absolute bequest, and falls within the above rule. It is not limited in terms. The absence of any limitation aids the construction. In the will, the mode of payment of the bequests is expressly stated. The words "in addition to" distinguish rather than assimilate the bequest of the codicil to the bequest of the will. The burden is upon the residuary legatees to show the qualification of the bequest. This is an additional not a substituted bequest.

*G. Sennott*, for the residuary legatees.

GRAY, C. J. The legacy, given by the codicil, of $7000 "in addition to" the $3000 given to the same person by the will, the codicil expressly ratifying and confirming the will in all other particulars, is to be paid out of the same fund and subject to the same conditions as the original legacy, and is therefore payable upon the death of the widow and out of the trust fund of which she has the income during her life. *Crowder* v. *Clowes*, 2 Ves. Jr. 449. *Day* v. *Croft*, 4 Beav. 561. *Warwick* v. *Hawkins*, 5 De G. & Sm. 481. *Russell* v. *Dickson*, 1 Con. & Laws. 284, 289 ; *S. C.* 2 Dru. & War. 133, 138. *Pike* v. *Walley*, 15 Gray, 345, 347. *Decree for residuary legatees.*