Lydia Brown, administratrix, *vs.* Etta L. Brown & others.

Middlesex.    Jan. 24. — Sept. 5, 1884.    Devens & C. Allen, JJ., absent.

A testator by his will gave a small legacy to each of his three eldest children; a certain sum to his next elder child, in trust for her support and education; the residue of his property in trust for the maintenance and education of his two youngest children; and, by another instrument, executed the same day, provided as follows: " And it is my will further, in case I receive anything from my interest in the N. Bank, in litigation with the United States, that my three oldest children shall receive one third part of said sum received in addition to the sum before mentioned bequeathed to them and to be divided equally among them, and the balance of said sum received to be divided equally among my three youngest children in addition to the sum before named bequeathed to them." *Held*, that the bequest in the second instrument to the three youngest children of the testator was to them absolutely, and not in trust for their maintenance and education.

BILL OF INTERPLEADER, by the administratrix *de bonis non* with the will annexed of the estate of David Brown. The case was heard by *Holmes*, J., on the bill and answers, and was reserved for the consideration of the full court, as follows :

David Brown, on February 21, 1876, executed the following will:

" First. I hereby constitute and appoint my brother Atkins Brown to be my executor of this my will, directing my said executor to pay out of my estate all my just debts and funeral expenses and legacies hereinafter named.

" Second. I give and bequeath to my daughters Euphemia Seavey and Mary E. Brown one hundred dollars each.

" Third. I give to my son George W. Brown the sum of two hundred dollars and my gold watch and chain, to be paid over to him at the discretion of my said executor.

" Fourth. I give to my daughter Etta L. Brown the sum of five hundred dollars, to be held in trust by my said executor for the support and education of my said daughter.

" Fifth. I give and bequeath and devise all the rest and residue of my property to my said executor, in trust for the maintenance and education of my two youngest children, Albert P. and Grace C. Brown.

" I hereby authorize my said executor to sell and convey any and all of my real estate, at his discretion, at private or public sale, and hereby request that no sureties be required upon his official bond, either as executor or as trustee."

On the same day the testator duly executed the following instrument:

" And it is my will further, in case I receive anything from my interest in the First National Bank of Newton, or formerly First National Bank of Newton, in litigation with the United States, that my three oldest children shall receive one third part of said sum received in addition to the sum before mentioned bequeathed to them and to be divided equally among them, and the balance of said sum received to be divided equally among my three youngest children in addition to the sum before named bequeathed to them."

The instruments were admitted to probate on March 28, 1876, and Atkins Brown, the executor named therein, was duly

appointed to that trust on said day. Atkins Brown afterwards died, and on September 11, A. D. 1878, the plaintiff was appointed administratrix *de bonis non* with the will annexed of the estate of David Brown, and accepted that trust. The plaintiff, as such administratrix, has received from the Newton National Bank the property described in the second instrument, to the amount of more than $3000, and holds two thirds thereof to pay the above legacy given by the second instrument. The three youngest children of the testator each claims to be entitled to receive its portion to its own use, free of all trust; and the trustee under the will claims to be entitled to receive the respective portions of said children upon the trusts set forth in said will.

*H. B. Stevens & G. A. Blaney*, for the three youngest children.

*C. Robinson, Jr.*, for the trustee.

W. ALLEN, J. The question is whether the bequests in the supplemental clause of the will to the three youngest children of the testator are subject to the limitations and restrictions of the bequests to the same persons in the will; that is, whether they are to be in trust for the maintenance and education of the beneficiaries, or whether the children take the legal and absolute interest.

The trustee relies upon the rule stated by Mr. Justice Metcalf in *Tilden* v. *Tilden*, 13 Gray, 103, 108, and well sustained by the authorities, that "it is an established *prima facie* rule of construction, that an additional legacy, given by a codicil, is attended with the same incidents and qualities as the original legacy." See *Snow* v. *Foley*, 119 Mass. 102; Jarman on Wills (5th Am. ed. by Bigelow), 185; 2 Wms. Exs. (6th Am. ed.) 1405. But we think that rule does not apply to the provision under consideration, and that the application of it would do violence to the intention of the testator.

The supplemental clause was executed on the same day with the will, and apparently as a part of the same transaction, and should be considered as a part of the will rather than as a codicil made subsequently to it. Apparently the testator did not intend to include his interest in the Newton Bank (which is the subject of the additional clause) in the residue given in

trust for his two youngest children, but to make a separate disposition of it. His intention in the residuary clause would be expressed by excepting from it his interest in the Newton Bank, and his intention as to that interest by inserting the disposition of it in the will itself, and, so read, it cannot be construed otherwise than as an absolute gift to the younger as well as to the elder children.

After giving small legacies to his three eldest children, and giving $500 in trust for the maintenance and education of his next elder daughter, he gives the residue, except the doubtful interest in the Newton Bank, to his executor in trust for the maintenance and education of his two youngest children, and then divides among all his children anything which may be received from the bank; and this is given "to be divided equally among them," and the legal interest is given to the younger children in the same words by which it is given to the elder, and there is nothing to indicate that it is to be held in trust, unless the words "in addition to the sum before named bequeathed to them" can imply that. The same words are used in reference to the elder children, and are of themselves of very slight significance; their meaning must be determined by the character, the circumstances, and the terms of the bequest. If, for instance, a codicil had given to Etta L. Brown $100 "in addition to the sum before bequeathed to her," the intention to make an addition to the trust fund would be presumed. But the provision under consideration relates to a distinct part of the estate, and divides that among all the children in similar terms, expressly giving their shares directly to the two younger, and not to the executor in trust. In the absence of any direction or intimation that the separate shares are to be held under the trusts and conditions of the original legacies, we must find the intention of the testator to be expressed in the words which give the legal estate to the children; and that the three youngest children take the legal title to their shares of the proceeds of the interest in the Newton Bank.

<em>Ordered accordingly.</em>