HORACE D. CHAPIN *vs.* WINTHROP PARKER & others.

Norfolk.   March 24, 1892. — June 24, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Will — Codicil — Construction — Disposition of Equitable Remainder.*

A testatrix by her will devised the residue of her estate to a trustee, to divide the same "into four equal portions, and hold, manage, and invest one of those portions for the benefit of each of my children, and pay the net income to him or her for and during his or her life, and at his or her decease to pay, distribute, and convey such portion, in equal shares, to and among his or her children and the issue of deceased children, such issue to take the parent's share." By a fourth codicil she ratified her will save as changed by the codicil, in which she directed her trustee to "hold said trust fund during the lifetime of my now living children and grandchildren, paying to them the portions of the income of the aforesaid fund to which they are respectively entitled, annually, or oftener if he shall think fit, during their respective lives ; neither one of my said children or grandchildren to receive any portion of the principal; and the issue of any of my children deceased shall represent their parent and take the portion of said income which their parent would have taken if living." She also in the codicil gave the trustee discretion to hold the estate as an undivided fund, or to divide it, as he might think best. The testatrix died in 1883, and the trustee apportioned the estate into four separate trust funds. One of the children of the testatrix died soon after his mother, leaving as his only issue a son, who died in 1890. *Held,* that the child of the testatrix had an equitable life estate in the trust fund set apart for his benefit, and his son an equitable remainder therein ; that the latter was not taken away by the fourth codicil, and that the fund should be paid to the executor of the grandson of the testatrix.

LATHROP, J.   This is a bill in equity, brought by the trustee under the will of Hannah W. Howe, asking the instructions of the court concerning the disposition to be made of one fourth part of the residue of the estate of said Hannah.

By the fourth clause of the will of the testatrix, the residue of her estate was devised to certain persons named, in trust " to divide said trust property into four equal portions, and hold, manage, and invest one of those portions for the benefit of each of my children, and pay the net income to him or her for and during his or her life, and at his or her decease to pay, distribute, and convey such portion, in equal shares, to and among his or her children and the issue of deceased children, such issue to take the parent's share, and in the default of such children or issue

then living, then to add said portion to the remaining trust funds, to be held, managed, and finally distributed as part thereof."

This will was made in 1867, and the testatrix then had four children living, one of whom was her son Frank E. Howe. In 1881, the testatrix made a fourth codicil to her will, by which she expressly ratified and confirmed her will " in all respects save as the same may be changed by this codicil." At this time, John, one of her sons, had died, leaving children ; the other three children of the testatrix were living, and Frank E. Howe had a son living, named Haughwout Howe.

By a clause of this codicil, the testatrix, after reciting the death of the trustees named in the will, devises her property to a certain person, in trust, to invest the same and collect the income, " and to pay to the children of my late son, John Howe, deceased, my son Frank E. Howe, my daughter, Mary H. Dana, and my son Lindsay Irving Howe, so much of the same as shall accrue annually upon the amount which would come to them respectively were my estate divided into four equal parts and distributed, one part to the said children of John Howe, and one part to each of my said living children, charging to said children of my son John, as representatives of their father, and to each of my said children, such sums as are hereafter directed to be charged and deducted in making such distribution as being advancements. And said trustee and his assigns shall hold said trust fund during the lifetime of my now living children and grandchildren, paying to them the portions of the income of the aforesaid fund to which they are respectively entitled, annually, or oftener if he shall think fit, during their respective lives ; neither one of my said children or grandchildren to receive any portion of the principal ; and the issue of any of my children deceased shall represent their parent and take the portion of said income which their parent would have taken if living ; and such portion shall be divided equally between the children who so represent their said respective parents deceased."

The codicil further makes provisions in regard to advancements, and contains these two clauses :

" And I direct these charges and deductions to be made in compliance with the wish of my late husband, as expressed in his will, and with my own, to equalize as far as I can the distribution of my estate. . . .

" I hereby revoke the provision contained in my will requiring the trustees to divide the estate into four equal and separate parts, hereby giving my said trustee discretion to hold the same as an undivided and entire fund, or to divide it, as he may think best."

The testatrix died in 1883, and the plaintiff was, in 1885, appointed trustee under said will. He apportioned the estate into four separate trust funds, and his course was approved by a decree of this court in 1886.

Frank E. Howe died shortly after his mother, leaving as his only issue his son, Haughwout Howe. The latter died in 1890, and the first named defendant is the executor of his will.

On these facts, the question is presented to us whether the trust fund set apart for Frank E. Howe passed, on the death of his son, to the administrator of the estate of Frank, or whether it passed to the executor of the will of Haughwout, it not being contended that the other children or grandchildren of Hannah W. Howe have any interest in it.

Under the provisions of the will it is clear that Frank had an equitable life estate in such trust fund, and his issue an equitable remainder. The only question is whether this equitable remainder is entirely taken away by the fourth codicil, so that it would pass to the estate of Frank E. as intestate estate of his mother, or whether its payment is merely postponed until the death of Haughwout, and belongs to his estate.

On the question whether a devise in a will was revoked by a codicil, it was said by Chief Justice Tindal, in *Hearle* v. *Hicks*, 8 Bing. 475, and 1 Cl. & F. 20, that, " If such devise in the will is clear, it is incumbent on those who contend it is not to take effect by reason of a revocation in the codicil, to show that the intention to revoke is equally clear and free from doubt, as the original intention to devise. For if there is only a reasonable doubt whether the clause of revocation was intended to include the particular devise, then such devise ought undoubtedly to stand." This case was decided by the House of Lords, and has since been often cited, and is considered a leading case in England. See *Robertson* v. *Powell*, 2 H. & C. 762; *Freeman* v. *Freeman*, 5 DeG., M. & G. 704; *Molyneux* v. *Rowe*, 8 DeG., M. & G. 368. *In re Arrowsmith's trusts*, 2 DeG., F. & J.

474; *Langdale* v. *Briggs*, 28 L. T. (N. S.) 467; *Williams* v. *Evans*, 1 El. & Bl. 727; *Farrer* v. *St. Catharine's College*, L. R. 16 Eq. 19; *Green* v. *Tribe*, 9 Ch. D. 231; *Follett* v. *Pettman*, 23 Ch. D. 337.

In *Quincy* v. *Rogers*, 9 Cush. 291, 295, Chief Justice Shaw said: "The codicil shall change the will so far only as the intent is manifest, especially where, in all other respects, the will is in terms ratified and confirmed." And he cites *Hearle* v. *Hicks, ubi supra.* To the same effect is *Holden* v. *Blaney*, 119 Mass. 421, 424, 425, which very closely resembles the case at bar. In that case the testator directed that the residue of his estate should be divided into equal shares, and that one portion should be paid to each of his surviving children. A codicil directed that the share of one daughter should be held in trust, a sufficient income to be paid to her for her comfortable support and maintenance during her life, "excepting only that in case she shall survive her said husband" the remaining portion of her estate should be paid to her in full. The daughter died after the testator, leaving a husband, and having made a will by which she bequeathed her share of her father's estate. It was held that she had a vested interest in fee in her father's estate and that the codicil only postponed the time of payment.

It seems to us, on a consideration of all of the provisions of the will and codicil, that the testatrix intended that the payment of the equitable remainder should be merely postponed, and not taken entirely away; and that the executor of the will of Haughwout Howe is entitled to the fund in the hands of the plaintiff.

*Decree accordingly.*

*H. D. Chapin, pro se,* read the papers in the case.

*H. B. Cabot,* for the administrator of the estate of Frank E. Howe.

*G. S. Hale,* for the executor of the will of Haughwout Howe.