GEORGE H. PENDERGAST, executor, *vs.* SARAH M. TIBBETTS
& others.

Suffolk.   March 19, 1895. — September 9, 1895.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Devise and Legacy — Revocation — Codicil.*

A testator gave by will various pecuniary legacies to certain relatives, including
three nieces, A., B., and C., to each of whom he gave ten thousand dollars, and
then divided the residue among those relatives in proportion to the respective
amounts given.  By clause second of the codicil he revoked the legacies to A.,
B., and C., and in place thereof gave each the sum of five thousand dollars, and
by clause third of the codicil he gave to three other nieces not named in the will
five thousand dollars each.  The first clause of the codicil appointed an execu-
tor and trustee in place of one deceased, and the fourth ratified the will in all
other respects than those named in the codicil.  *Held*, that the change made by
the codicil in the legacies to A., B., and C. did not affect their shares under the
residuary clause of the will, and that the legacies given by clause third of the
codicil to the three other nieces did not entitle them to come in under the resid-
uary clause of the will.

BILL IN EQUITY, filed February 10, 1894, by the executor of
the will of John Tibbetts, to obtain the instructions of the court
as to the construction of the will, which contained the following
clauses:

" Second.   I give and bequeath to my niece, Mrs. Abby Nutter
of Rochester, N. H., the sum of ten thousand dollars ($10,000);
to my niece Mrs. Susan Whitehouse, of said Rochester, the sum
of ten thousand dollars ($10,000) ; to my niece Mrs. Lydia Var-
ney, of said Rochester, the sum of ten thousand dollars ($10,000);
to my niece Mrs. Ruth Hartford, of said Rochester, the sum of
two thousand dollars ($2,000) ; to my niece Mary Jane Allen, of
Somerville, the sum of five hundred dollars ($500); and to my

niece Eliza Ann Blaisdell, of Dover, N. H., the sum of five hundred dollars ($500). . . .

"Fifth.  All the rest, residue, and remainder of my estate, real and personal, I give, devise, and bequeath to the same persons, and in the same proportions, as I have given the money legacies hereinbefore named, to be held in trust or become the absolute property of the recipients as is hereinbefore provided in respect to said legacies and for the same purposes."

By the first clause in the codicil, which was executed in 1891, nearly six years after the execution of the will, an executor and trustee was appointed in the place of one deceased, and by the fourth and last clause the will was ratified and confirmed in all other respects than those named in the codicil.  The other clauses of the codicil were as follows :

"Second.  Whereas in the second clause of my said will I have given to each of my nieces, Mrs. Abby Nutter, Mrs. Susan Whitehouse, and Mrs. Lydia Varney, the sum of ten thousand dollars ($10,000) I do hereby revoke said legacies and in place thereof I give and bequeath to each of my said nieces the sum of five thousand dollars ($5,000).

"Third.  I give and bequeath to my nieces, Lydia Matilda Tibbetts and Mrs. Mary Ann Silsby, and my nephew, Frank W. Tibbetts, children of my brother Israel Tibbetts, the sum of five thousand dollars ($5,000) each."

The questions were, first, whether the change made by the codicil in the legacies of Mrs. Nutter, Mrs. Whitehouse, and Mrs. Varney affected their shares under the residuary clause in the will ; and, secondly, whether the legacies given in clause third of the codicil to the three other nieces entitled them to come in under the residuary clause in the will.

The case was reserved upon the bill and answers by *Lathrop,* J., for the consideration of the full court.

*J. F. Tyler,* for certain defendants.

*J. H. Worcester & C. B. Gafney,* (*L. P. Snow* with them,) for Mrs. Nutter, Mrs. Whitehouse, and Mrs. Varney.

MORTON, J.  By his will the testator gives various pecuniary legacies to and for certain persons named therein, who are all relatives, and then divides the rest and residue amongst them in proportion to the respective amounts thus given.  Among the

legatees named in the will are Abby Nutter, Susan Whitehouse, and Lydia Varney, all nieces of the testator, who are given in the second clause the sum of ten thousand dollars each. By the codicil, clause second, the testator revokes these legacies and " in place thereof " gives and bequeaths to each of his said nieces the sum of five thousand dollars, and by clause third gives to three other nieces who are not named in the will five thousand dollars each. The first clause in the codicil appoints an executor and trustee in the place of one deceased, and the fourth and last clause ratifies and confirms the will in all other respects than those named in the codicil.

The questions are, first, whether the change made by the codicil in the legacies of Mrs. Nutter, Mrs. Whitehouse, and Mrs. Varney affects their shares under the residuary clause in the will; and, secondly, whether the legacies given in clause third of the codicil to the three other nieces entitle them to come in under the residuary clause in the will.

Dealing with the last question first, it is to be observed that there is nothing in the codicil which provides in terms that the three nieces who are named for the first time in it shall share in the residue the distribution of which is provided for in the will. Neither is there in the will. The language there is, " all the rest, residue, and remainder of my estate, real and personal, I give, devise, and bequeath to the same persons, and in the same proportions, as I have given the money legacies hereinbefore named," which manifestly excludes them. The general rule is that " the codicil shall change the will so far only as the intent is manifest, especially where, in all other respects, the will is in terms ratified and confirmed," which is the case here. *Quincy* v. *Rogers*, 9 Cush. 291, 295. *Chapin* v. *Parker*, 157 Mass. 63.

It is argued that the general plan of the will is to give certain legacies to relatives of the testator, and then to divide the residue among them in like proportions; that the will and the codicil are to be read together as one instrument, ( *Gray* v. *Sherman*, 5 Allen, 198,) and that naturally the testator would intend to include the nieces mentioned in the codicil in the distribution of the residue. The difficulty with this is that the codicil expressly provides that the will is to remain as it is save as altered by the codicil, and that that does not manifest any in-

tention on the part of the testator that they shall share in the residue.   We think that they take the legacies that are given them by the codicil, and no more.

The application of the rule above stated disposes, it seems to us, of the first question also.   The rule is again stated in *Tilden* v. *Tilden*, 13 Gray, 103, in these words : " A codicil, duly executed, is an addition or supplement to a will, and is no revocation thereof, except in the precise degree in which it is inconsistent therewith, unless there be words of revocation," and then, it might be added, only to the precise extent of the revocation. See also *Holden* v. *Blaney*, 119 Mass. 421.   The reducing of the legacies given to Mrs. Nutter, Mrs. Whitehouse, and Mrs. Varney, in the second clause of the will, from ten thousand dollars each to five thousand dollars, and giving the amounts thus taken from them to the other three nieces named in the codicil is consistent with an intention on the part of the testator to have Mrs. Nutter, Mrs. Whitehouse, and Mrs. Varney share in the rest and residue, as the will provides that they should.   Though the will and codicil are to be taken together 'in ascertaining what disposition is made by the testator of his estate, the will remains, save as altered by the codicil.   The latter does not in terms or otherwise purport to deal with the rest and residue, and we think that it would be going too far to infer that the testator intended to change the distribution of the rest and residue because certain legacies named in the will are reduced by the codicil, and as thus reduced are given in place of those named in the will.   The testator well may have been content that the sums named in the will should stand, notwithstanding the reduction by the codicil, as the basis for the distribution of the rest and residue.   At any rate, that is the way the will reads, and, in the absence of anything in the codicil plainly indicating a contrary intention, we must take the will as it stands.   We think that this construction is in accordance with the cases, except perhaps *Courtauld* v. *Cawston*, W. N. (1882) 185, which stands on its own facts, and does not appear to have been followed.   *Quincy* v. *Rogers*, 9 Cush. 291.   *Chapin* v. *Parker*, 157 Mass. 63.   *Wetmore* v. *Parker*, 52 N. Y. 450.   *Colt* v. *Colt*, 32 Conn. 422.   *In re Gibson's trusts*, 2 J. & H. 656.   *Lushington* v. *Boldero*, G. Coop. 216.   *Hillersdon* v. *Grove*, 21 Beav. 518.        *Decree accordingly.*