GEORGE S. TAFT, administrator with the will annexed, *vs.* GEORGE
M. STEARNS & others.

Worcester.   September 30, 1919. — January 5, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Will,* Republication by codicil.

Upon the formal execution of an instrument whose text describes it as "this Codi-
cil to my last Will and Testament, made and executed about October 1" of a
certain year, an instrument in the form of a will, which, although executed on
August 8 of that year, was the "last Will and Testament" so referred to and
which, by reason of undue influence and fraud of the only person named as
beneficiary therein, was in its inception invalid, is validated and republished,
as modified by the codicil, as of the date of the codicil.

Upon the presentation of a petition for proof of a will and a codicil, the will naming
a sole recipient of the testator's bounty and the codicil adding one additional
beneficiary, contestants of the validity of the instruments presented two issues,
the first issue being, whether the will was procured to be executed through undue
influence and fraud on the part of the beneficiary named therein, and the
second issue being, whether the codicil was procured to be executed through like
influence of the beneficiary added by its provisions.   A jury answered the first
issue affirmatively and the second negatively.   *Held,* that the petitioner was
not precluded, by reason of the issues framed on the motion of the contestants,
from contending that the will, although in its inception invalid, was affirmed
and republished by the codicil.

APPEAL from a decree of the Probate Court for the county of
Worcester allowing a petition for the proof of the will and codicil
of Eustace H. Stearns, late of Leicester, and the appointment
of the petitioner as administrator with the will annexed.   The
appellants were a sister, half brothers and sisters, and a niece,
the next of kin of the testator.

The appellants moved that the following issues be framed for
trial by a jury:

"1. Was the said alleged will of Eustace H. Stearns duly and
properly executed and attested?

"2. Was the said alleged codicil to the alleged will of Eustace
H. Stearns duly and properly executed and attested?

"3. Was the said alleged will of Eustace H. Stearns procured to
be made through the fraud or undue influence of Mary F. Wells?

"4. Was the said alleged codicil to the alleged will of Eustace H. Stearns procured to be made through the fraud or undue influence of Mary L. Simpson?

"5. Does the said alleged codicil have reference to said alleged will or does it refer to a will which is not the same as the said alleged will?"

It was ordered that the first, second and fifth issues be tried by a single justice without a jury, and that the following issues be tried in the Superior Court by a jury:

"First Issue: Was the instrument propounded for probate as the last will of Eustace H. Stearns procured to be made by the fraud or undue influence of Mary F. Wells?

"Second Issue: Was the instrument propounded for probate as the codicil to the last will of said Eustace H. Stearns procured to be made by the fraud or undue influence of Mary L. Simpson?"

Thereafter the issues to be heard without a jury were heard by *Rugg*, C. J., who found "that the instruments purporting to be the last will and codicil . . . each was executed according to all formalities and requirements of law. This is not disputed between the parties." He also found " that the reference in the codicil to the will dated on or about October 1, 1906, is in fact a reference to the will dated August 8, 1906."

After the findings of the Chief Justice and before the trial of the issues by the jury, the petitioner objected to the issues as framed and asked that they be discharged and that new issues be framed, contending that the codicil republished the will and that by the republication the original will, executed in 1906, became incorporated into and formed a part of the instrument made in 1912; that the effect of the republication was to make a new will at the date of the republication; that the contestants in order to have the will set aside would be required to show that any alleged undue influence by Mary F. Wells was operative when the codicil was executed in 1912, and therefore that the only material issue was whether any undue influence was exerted upon the deceased in 1912, at the time of the execution of the codicil.

The jury answered affirmatively the first issue submitted to them, and answered the second issue negatively.

The petitioner then moved for the proof of both the will and

codicil and that the decree of the Probate Court should be affirmed and the case remitted to that court for further proceedings. The motion was heard by *Braley*, J., who reported it to the full court for determination.

*G. S. Taft*, administrator, *pro se.*

*H. Parker & E. H. Hewitt*, for the respondents.

RUGG, C. J. This case comes before us on report as to the allowance of the will and codicil of Eustace H. Stearns, deceased, late of Leicester. He left one instrument, in form a will, dated August 8, 1906, whereby all his estate was given to Mary F. Wells, who was named as executrix. He left another instrument dated October 24, 1912, termed the codicil, which was in this form: "I, Eustace H. Stearns of Des Moines in the County of Polk and State of Iowa being of sound mind and memory do make this Codicil to my last Will and Testament, made and executed about October 1st, 1906. I hereby give, devise and bequeath all my Real Estate at 914 West 5th St. and all personal property situated in the house at 914 West 5th St. Des Moines Ia., consisting of household goods and all pictures to Mrs. Mary L. Simpson of Des Moines, Iowa. I nominate and appoint Mrs. Mary L. Simpson Sole Executor of this my Codicil to a previous will and direct that she be not required to give bond." Both the will and codicil were holographic. Although the reference in the codicil to the date of the will is not accurate, it has been found as a fact that that reference was in truth to the will dated August 8, 1906.

It has been found by a jury, to whom these issues alone were tried in the Superior Court, that the instrument of August 8, 1906, was procured to be made through the fraud or undue influence of Mary F. Wells, and that the instrument dated October 24, 1912, was not procured to be made by the fraud or undue influence of Mary L. Simpson. After the return of these answers into the Supreme Judicial Court, the proponent of the will moved that the two instruments offered for probate be proved and allowed as the testament of the deceased, while the contestants objected to the allowance of the will and contended that as matter of law it should be disallowed.

It is laid down in numerous cases as a general rule that a codicil referring to a will and executed with all the formalities required

by the law, by a testator of the requisite age, possessed of a sound mind and not acting under fraud, duress or undue influence, operates as a republication of the will so far as not changed by the codicil. This follows in part from the use of the word "codicil," which means an addition to or an alteration of a will. *Lamb* v. *Lamb,* 11 Pick. 370, 376. *Pendergast* v. *Tibbetts,* 164 Mass. 270, 273. This principle does not rest upon the presence in the codicil of technical words in terms affirming and republishing the original will, but upon the broader consideration that the execution of an instrument denominated a codicil imports in the mind of the person executing the codicil the existence of a will which can be supplemented and modified, and that the reference in a codicil to a will implies the continuance or vivification of that writing as a vital testamentary disposition and the readoption or original declaration of its provisions. That principle was early declared to be the law of this Commonwealth in an exhaustive opinion by Chief Justice Shaw in *Haven* v. *Foster,* 14 Pick. 534. See *Stone* v. *Forbes,* 189 Mass. 163, 170. That principle has been recognized and applied in numerous jurisdictions. *Pope* v. *Pope,* 95 Ga. 87, 93. *Manship* v. *Stewart,* 181 Ind. 299, 303. *Hubbard* v. *Hubbard,* 198 Ill. 621, 624. *Whiting's Appeal,* 67 Conn. 379, 388. *Murray* v. *Oliver,* 41 N. C. 55. *In the Goods of Steele,* L. R. 1 P. & D. 575, 578. *In the Goods of Reynolds,* L. R. 3 P. & D. 35. It is the rule in New York, where strictness is observed in the incorporation by reference of extraneous writings into testamentary instruments. *Matter of Campbell,* 170 N. Y. 84, 86. *Matter of Brann,* 219 N. Y. 263, 268. In *Cook* v. *White,* 43 App. Div. (N. Y.) 388, 392, 393, in an opinion by Judge Cullen, affirmed in 167 N. Y. 588, it was held that a will executed by a person intoxicated might be validated by a codicil executed when sober. So an instrument signed by one of unsound mind may become a good will by being affirmed by a codicil. *Brown* v. *Riggin,* 94 Ill. 560. *Stevens* v. *Myers,* 62 Ore. 372, 398. That principle has been applied to the reference in a codicil executed by a married woman to an instrument executed as a will by her while an unmarried woman and revoked by operation of law through her subsequent marriage. Such a will was held to be thereby revived in *Brown* v. *Clark,* 77 N. Y. 369, 377. See also *Francis* v. *Marsh,* 54 W. Va. 545, 554.

That rule is but a particular manifestation of the cardinal principle observed in the interpretation of wills, which is to ascertain the intent of the testator from the language which he has used to express his testamentary designs, giving effect, so far as possible, to all its words, provided that it is not inconsistent with some settled rule of law. *Ware* v. *Minot,* 202 Mass. 512, 516. *McCurdy* v. *McCallum,* 186 Mass. 464, 469. It seems in general incompatible with sound sense that one should execute a codicil dealing with a part only of his estate, describing it by a name which denotes that it is ancillary to a main will, unless he intended the principal instrument to stand as his chief expression of testamentary purpose, or at least as the basis to which the later instrument should be attached. Any other construction would involve in most instances a partial intestacy, a result contrary to the legal presumption because contrary to common experience. One who makes testamentary disposition of property ordinarily does not intend to leave any of his property undisposed of. *Jones* v. *Gane,* 205 Mass. 37, 43. *Bates* v. *Kingsley,* 215 Mass. 62, 63.

Applying this rule of construction to the case at bar, it is plain that the testator by the execution of the codicil intended his will to be and to become operative as a part of the expression of his testamentary wishes. He refers to it as his "last Will and Testament." He attempts to give its date with approximate accuracy. He refers to the instrument last signed as "this my Codicil to a previous will." It would be vain to argue that this did not disclose a deliberate purpose to confirm the provisions of that earlier instrument as a part of his testamentary design and to declare the two instruments together, the one as modified by the other, as the complete expression of his wishes as to the disposition of his property.

The confirmation of the original will by the codicil becomes operative as of the date of the codicil. As was said in the old case of *Goodtitle* v. *Meredith,* 2 M. & S. 5, 14, "The effect of all . . . [the] . . . decisions is to give an operation to the codicil *per se* . . . so as to bring down the will to the date of the codicil, making the will speak as of that date, unless indeed a contrary intention be shewn . . ." A will as modified by a codicil is thereafter to be taken and construed as a will of the date of the codicil. *Pratt* v. *Rice,* 7 Cush. 209, 212.

This principle is applicable to an instrument, executed in form as a will but inoperative as such because executed through fraud or undue influence, which is referred to as a will in a codicil subsequently executed freely, unaffected by fraud or undue influence. There is no reason why such a will, although invalid when framed because the result of the overpowering importunity of another, may not be adopted and declared as a true expression of testamentary desires after the vitiating control of the other dominating mind has been removed or has faded or subsided. Although the original instrument standing by itself alone "is as much a nullity as one obtained from a person of insane memory," *Laughton* v. *Atkins,* 1 Pick. 535, 546, yet it is still a written instrument. It is not physically destroyed. It is susceptible of being quickened into life. A will executed according to the statute may incorporate into itself by reference a detached document or paper wholly lacking the attributes of a will, then in existence and sufficiently identified so that it may take effect as part of the will and be admitted as such to probate. *Newton* v. *Seaman's Friend Society,* 130 Mass. 91. A detached document or paper is no less void as a testamentary instrument than is a will executed through undue influence, until it becomes endued with testamentary functions by incorporation into the will by reference. No rational distinction can be drawn between such a case and a will, itself inefficacious by reason of undue influence, being invested with testamentary attributes by reference in a codicil executed voluntarily and freely. Decisions upon this precise point are few, but those which have been found support this view. *O'Neall* v. *Farr,* 1 Rich. (S. C.) 80. *Campbell* v. *Barrera,* 32 S. W. Rep. 724, 725.

The result is that, the answer of the jury having established the codicil as the free and untrammelled expression of the testamentary purpose of the deceased, and the will having been affirmed and republished by the codicil, both instruments should be admitted to probate. The proponent of the will has not waived his right to have this done. The motion for the framing of issues to the jury was presented by the contestants and not by the proponent. Therefore, he is not by their form or their scope prevented now from seeking the relief to which the answers to the questions as framed entitle him.

The only questions raised on the record are presented by the motion of the proponent to the effect that both instruments be admitted to probate, and by the objection of the contestants that the codicil alone should be admitted to probate and that the will should be disallowed. These questions are the only ones considered.

Let the entry be

*Decree of Probate Court affirmed.*