JOHN F. GILMORE, JUNIOR, executor, *vs.* JOHN DOHERTY & others.

Suffolk.    October 25, 1944. — October 25, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Devise and Legacy*, "Specific bequest," Residue.  *Words*, "Specific bequest."

Under a will containing pecuniary bequests in varying amounts to four persons and a clause giving the residue to the same persons, "the share of each to be in the same proportion as to each other as the specific bequests to each bear to each other," and a codicil devising certain real estate to one of such four persons "in addition to" his pecuniary bequest, such devisee's proportional share of the residue must be computed on the basis of the amount of his pecuniary bequest without adding thereto the value of the devised real estate.

PETITION for instructions, filed in the Probate Court for the county of Suffolk on January 22, 1943.

The case was heard by *Wilson*, J.

In this court the case was submitted on briefs.

*G. P. Wardner & C. L. Myette*, for the respondent John Doherty.

*J. C. Jones, Jr.*, for the respondent Catherine McManus.

LUMMUS, J.    The executor of the will of Elizabeth McAloon Riley petitions for instructions as to the meaning of the will.  The testatrix by her will, executed on June 4, 1938, gave the following pecuniary bequests: to Patrick Doherty, $3,000; to John Doherty, $100; to Catherine McManus, $3,000; and to Ann Jane McGuire, $100. Those were the only bequests of any sort to those persons, except in the residuary clause.  Then by the residuary clause she gave the residue of her estate to the same four persons, "the share of each to be in the same proportion as to each other as the specific bequests to each bear to each other."

By a codicil executed on December 17, 1940, the testatrix made the following additional provision: "Whereas by my last will I gave and bequeathed one hundred dollars to

my nephew, John Doherty of Everett, now I do hereby give and devise unto the said John Doherty a certain parcel of land with the buildings thereon situate No. 276 Bunker Hill Street in the Charlestown District of said Boston, in, addition to the said sum of one hundred dollars bequeathed to him as aforesaid." The codicil, after the devise to John Doherty, ratified and confirmed the will "in all other respects." Both the will and the codicil were drawn by an attorney.

John Doherty contends that in the division of the residue proportionately to the "specific bequests," the value of the real estate devised to him by the codicil, as well as the bequest of $100 to him in the original will, should be included in the "specific bequest" to him. He appealed from a decree of the Probate Court adverse to his contention.

The appellant relies on the general rule that a will and codicil are to be read together as one instrument "speaking the language of the testator at the time of his death" (*Gray v. Sherman*, 5 Allen, 198, 199), except where the will manifests an intention to refer instead to the state of things existing when the will was executed. *Morse v. Mason*, 11 Allen, 36. *Sears v. Putnam*, 102 Mass. 5, 10. *Smith v. Livermore*, 298 Mass. 223, 229, 232, 233. *Colt v. Colt*, 32 Conn. 422. *Wetmore v. Parker*, 52 N. Y. 450. *Hard v. Ashley*, 117 N. Y. 606. References in the original will such as "foregoing," "aforesaid," "above mentioned" or "hereinbefore provided" may prevent reading into the passages thus referred to changes made by a codicil. *Pendergast v. Tibbetts*, 164 Mass. 270. *Sias v. Chase*, 207 Mass. 372, 377. There are no such references in the will before us. We assume for the sake of the argument that we must construe the will and codicil as though both had been incorporated in a single instrument. But even upon that assumption we think that there was no error in the decree.

Of course the pecuniary bequests to the four persons named were not properly described as "specific bequests." They were general bequests. *Loring v. Thompson*, 184 Mass. 103, 104. *Moffatt v. Heon*, 242 Mass. 201, 203. *Kaplan v. Leader*, 297 Mass. 145. But they were the only

bequests that could have been intended by the words "specific bequests" when the original will was executed, and they must have been included in those words when the codicil was executed. The question is, whether the devise of real estate to the appellant also is included in those words.

It may be conceded that when so intended the word bequeath or bequest may refer to a testamentary gift of real estate, notwithstanding the technical inaccuracy in such a use of the word. *Hayden* v. *Stoughton*, 5 Pick. 528 ("give and bequeath"). *Laing* v. *Barbour*, 119 Mass. 523 ("residuary legatee"). *Dann* v. *Canfield*, 197 Mass. 591 ("residuary legatee"). The appellant contends that as the pecuniary bequests to the four persons named were misdescribed in the will as "specific bequests," it is likely that the testatrix intended by those words to include a specific devise of real estate which in the accurate use of language was not a bequest at all.

The error of the testatrix or her draftsman in the use of the expression "specific bequests" is the only departure from accurate and technical language that we observe in the will and codicil. The distinction between bequests and devises is known to and observed by many persons who are not clear as to the classification of bequests. The "bequests" referred to in the original will must have been the pecuniary bequests. But we cannot suppose, in view of the generally accurate language of the will, that by the codicil the testatrix intended to include with those bequests what was not a "bequest" at all. *Fleck* v. *Harmstad*, 304 Penn. St. 302.

The improbability that she so intended is increased when we consider that to include with the pecuniary bequests a devise of real estate would destroy all likelihood of determining the disposition of her residuary estate without litigation. Under the original will, the proportions were clear and certain. To introduce into the computation the uncertain value which a parcel of real estate might be found to have at the time when the testatrix should happen to die would make a lawsuit almost inevitable. In the absence of words

plainly requiring such a construction, we should be slow to attribute to an apparently intelligent testatrix an intent to create such an obvious occasion for controversy.

The appellant invokes the principle of construction that "an additional legacy, given by a codicil, is attended with the same incidents and qualities as the original legacy." [1] *Tilden* v. *Tilden*, 13 Gray, 103, 108. *Pike* v. *Walley*, 15 Gray, 345. *Snow* v. *Foley*, 119 Mass. 102. *Brown* v. *Brown*, 137 Mass. 539, 541. *Crowder* v. *Clowes*, 2 Ves. Jr. 449. *Day* v. *Croft*, 4 Beav. 561. *Johnstone* v. *Earl of Harrowby*, 1 De G., F. & J. 183. *Tomkins* v. *Tucker*, 85 L. T. (N. S.) 451. *Croxton's Estate*, 289 Penn. St. 433. Page on Wills (3d ed. 1941) § 1584. See also *O'Brien* v. *Lewis*, 208 Mass. 515; *Worcester Trust Co.* v. *Turner*, 210 Mass. 115, 122, 123; *Howard* v. *Howard*, 227 Mass. 395. He contends that the additional gift of real estate by the codicil is attended with the incident and quality of being used, with the pecuniary legacy, "as a basis for determining John Doherty's share of the residue."

We think that that principle cannot be stretched to cover the present case. In most if not all of the decisions the addition was of the same nature as the original legacy. Typical "incidents" or "qualities" that have been held to attach by implication to an additional gift are those of being tax free, or of being payable at a future time. In this case the residuary clause must be interpreted according to its own words. Unless the additional devise falls within those words it cannot take color from the pecuniary bequest that undoubtedly did fall within them. We think the devise did not fall within the words "specific bequests," for reasons already stated.

The evidence, offered by the appellant and excluded, contained nothing that could affect the construction of the will

---

[1] The same principle applies to a legacy substituted by the codicil for one in the original will. *Cooper* v. *Day*, 3 Meriv. 154. *Earl of Shaftesbury* v. *Duke of Marlborough*, 7 Sim. 237. *Bristow* v. *Bristow*, 5 Beav. 289. *Giesler* v. *Jones*, 25 Beav. 418. *Fisher* v. *Brierley*, 30 Beav. 267. *Knowles* v. *Sadler*, (1879) W. N. 20. *Milliken* v. *Snelling*, 55 L. T. (N. S.) 344. *Lyon* v. *Clawson*, 11 Dick. (N. J.) 642, affirmed sub nomine *Clawson* v. *Lyon*, 13 Dick. (N. J.) 584. *Equitable Trust Co.* v. *Banning*, 17 Del. Ch. 95, 106. Page on Wills (3d ed. 1941) § 1583. See also *Quinlan* v. *Fegan*, 267 Mass. 291, 294.

that was adopted by the court below and is adopted by this court.

The allowance of costs and expenses of this appeal is to be in the discretion of the Probate Court.

*Decree affirmed.*