CLARE J. CROZIER & others *vs.* ADA PIDDINGTON BILLINGTON, executrix.

Essex.  January 3, 1945. — June 26, 1945.

Present: FIELD, C.J., LUMMUS, QUA, WILKINS & SPALDING, JJ.

*Devise and Legacy,* Lapse, Codicil.

Under a codicil to a will which changed its third paragraph by giving a legacy to a niece who had not previously been named as a legatee, the niece was a person "named" in that paragraph and the legacy to her lapsed upon her death before the testatrix by reason of a provision of that paragraph, unchanged by the codicil, that "In the event . . . that any of the beneficiaries named in this third paragraph predecease me" the legacy to such person should lapse and become part of the residue of the estate; the issue of the niece were not entitled to her legacy under G. L. (Ter. Ed.) c. 191, § 22, because the will and codicil, read together, made a "different disposition" from that provided in the statute.

PETITION, filed in the Probate Court for the county of Essex on April 13, 1944.

The case was heard by *Costello, J.*

In this court, the case was submitted on briefs.

*A. W. Mitchell*, for the petitioners.

*I. W. Sargent*, for the respondent.

WILKINS, J.   This is a petition in a Probate Court by the children of Beatrice Campbell Crozier by their next friend for an order against the executrix of the will of Jean P. Gribben for the payment of a legacy given to their mother, who predeceased the testatrix. The judge ruled that the legacy had lapsed, and ordered the petition dismissed. The petitioners appealed.

Jean P. Gribben died July 28, 1942, leaving a will, executed August 16, 1933, and a codicil, executed September 5, 1939, which have been allowed. By "section" "Third" of the will the testatrix gave $15,000 each to her sisters Sadie P. Campbell and Ada P. Billington, $2,500 to her brother George Piddington, and $1,000 each to six children of her brother William Piddington, and provided: "In the event, however, that any of the beneficiaries named in this third paragraph predecease me, the legacy to the person so predeceasing me shall lapse and the share or portion which he would otherwise have received shall be and become a part of the residue of my estate."

Following the death of Sadie P. Campbell the testatrix executed the codicil, which was in her own handwriting and provided: "Because of the death of my sister, Sadie Piddington Campbell in August 1937, I wish to change Third section of my will and bequeath to her daughter, Beatrice Campbell Crozier, the sum of Twenty-five Hundred ($2,500) dollars. The legacy to my sister, Ada P. Billington remains the same amount. I bequeath to my brother, George Piddington an additional sum of Twenty-five Hundred ($2,500.) dollars to make a total of ($5,000), Five Thousand dollars. The legacies to the children of William Piddington to be as stated."

Beatrice Campbell Crozier died on June 25, 1941. Her children, the petitioners, contend that they are entitled to her legacy by reason of G. L. (Ter. Ed.) c. 191, § 22, which is: "If a devise or legacy is made to a child or other relation of the testator, who dies before the testator, but leaves

issue surviving the testator, such issue shall, unless a different disposition is made or required by the will, take the same estate which the person whose issue they are would have taken if he had survived the testator." See *Ashley* v. *Lester,* 281 Mass. 261. This contention cannot prevail, because according to the natural interpretation of "section" "Third" of the will as affected by the codicil, "a different disposition is made or required by the will," namely, that the legacy lapse.

A codicil changes a will only so far as intention to change is manifest. See *Quincy* v. *Rogers,* 9 Cush. 291, 295; *Chapin* v. *Parker,* 157 Mass. 63, 66; *Pendergast* v. *Tibbetts,* 164 Mass. 270, 272. The will and the codicil are to be read together as one instrument. *Lovering* v. *Balch,* 210 Mass. 105, 107. *Smith* v. *Livermore,* 298 Mass. 223, 229. *Gilmore* v. *Doherty,* 317 Mass. 188, 189. It is true that references "in the original will such as 'foregoing,' 'aforesaid,' 'above mentioned' or 'hereinbefore provided' may prevent reading into the passages thus referred to changes made by a codicil." *Gilmore* v. *Doherty,* 317 Mass. 188, 189. There are, however, no such references here. The bequest in question in the codicil was effectively inserted in "section" "Third" of the will. The codicil did not "change" "section" "Third" of the will in its entirety. It merely made revisions in that "section," which otherwise stood unchanged. It raised the amount of George's bequest and added a new bequest to Beatrice in place of that to her mother. The final sentence of "Section" "Third" providing for the lapsing of bequests to legatees who might predecease the testatrix remained as before, and necessarily operated upon all bequests contained in the "section" whether originally placed there in the will or subsequently placed there by the codicil. It would be a strained construction to hold that the additional legacy to the brother was not subject to the same provision relating to lapsed legacies as was applicable both to the legacy originally given to him and to the legacies given to the children of a deceased brother. The same considerations apply to the legacy to Beatrice. Although the legacy to Beatrice

was a new one, it was nevertheless a new legacy to one who thus became "named" in the "Third section" and it thus was subject to the lapsing provision therein provided.

This result is aided, rather than hindered, as argued by the petitioners, by the provisions of the "Sixth Section" of the will as affected by the codicil. The will originally provided: "Sixth: All the rest, residue and remainder of my estate, after the payment of the foregoing legacies, I do give and bequeath to my said sister [*sic*], Sadie P. Campbell and Ada P. Billington, in equal shares. If either or both of my said sisters predecease me, then the legacy to her or them shall lapse and that part or portion which such deceased sister or sisters would otherwise have received shall be divided in equal proportions, per capita, and not by right of representation, among my nephews and nieces, the children of my brothers and sisters surviving me, except the child or children of such sister as may survive me." The codicil provided: "Sixth Section to be changed as follows: I bequeath to my niece Lena Mae, daughter of my brother, George Piddington, the sum of One Thousand ($1,000) dollars; to my nephew Lee Seldon Billington the son of my sister, Ada P. Billington, the sum of One Thousand ($1,000) dollars; to Marjorie L. Billington, the daughter of my sister, Ada P. Billington, the sum of One Thousand ($1,000) dollars. The residue of my estate, if any, is to be divided equally between my brother and sister who survive me. If either or both predecease me, then the legacy to him or her shall lapse and the portion which said deceased brother or sister would otherwise receive, shall be divided in equal proportions, per capita, and not by right of representation among my nephews and nieces as may survive me." The codicil added to this "Sixth Section" three cash bequests to two nieces and a nephew, which do not lapse, and substituted her brother as a residuary beneficiary with her surviving sister. The express provision in the codicil for lapsing of the residuary gifts was required because the similar provision in the will referring to her two sisters was inappropriate to refer to a sister and a brother. Both will and codicil demonstrate a

keen perception on the part of the testatrix of the nature of a lapsed legacy and the language to be used to achieve this result.

The allowance of costs and expenses of this appeal is to be in the discretion of the Probate Court.

*Decree affirmed.*