*Northern District*

No. 5039

## CHESTER RUDNICKI

v.

## IDA NEEDLE

(July 25, 1957)

*Present:* GADSBY, P. J. ENO AND NORTHRUP, JJ.

*Northrup, J.* This is an action of contract to recover $1,915.00 for work and labor performed for the defendant under an oral agreement for the alteration and repair of a portion of the premises owned by the defendant at 81 Undine Road, Brighton.

The defendant's answer sets forth the following:

1.  A general denial
2.  A denial of the agency of the defendant's husband
3.  A claim of satisfaction based upon the rendering of legal services to the plaintiff by the defendant's husband, an attorney at law.
4.  A release in writing discharging the defendant's husband from all liability.

*At the trial there was evidence tending to show that* in July or August of 1952 the plaintiff was engaged by the defendant's husband to do some repair and remodeling work, on an hourly basis, on the premises owned and recently purchased by the defendant at 81 Undine St., Brighton. The defendant's husband, Michael Needle, acted in the matter as agent for his wife, the defendant. The agreement between the parties was oral and the testimony as to the rate of hourly compensation for the plaintiff's labor was disputed. The plaintiff claimed the union hourly rate of $2.75 per hour with double time for Saturdays and Sundays. The defendant claimed that the agreed compensation was $2.00 per hour. The plaintiff worked off and on during August, September and October, 1952 and claimed that during that period he worked a total of 480 hours. The defendant's husband Michael Needle testified that he kept a record of the number of hours the plaintiff worked and that during that period the total number of hours worked by the plaintiff was 57 hours. There was also expert testimony to the effect that work performed by the plaintiff could be done in 67 hours. The trial court found that the plaintiff worked a total of 57

hours plus three hours expended in obtaining materials, or the total of 60 hours. The only Sunday the plaintiff worked was August 3, 1952. The Court also found that the plaintiff was entitled to 50 hours at $2.75 per hour and 10 hours at $5.50 per hour or a total of $192.50. The Court found for the plaintiff and assessed damages in the sum of $192.50.

The plaintiff duly filed twenty-two (22) requests for rulings which the trial court denied, giving as reason therefore that the requests contain requests for finding of facts. The Court also allowed defendants requests for rulings Nos. 5, 6, and 7, and originally certain of the plaintiff's requests.

The plaintiff claiming to be aggrieved by the Court's rulings and refusal to rule, filed the following request for report to the Appellate Division:

"Now comes the plaintiff in the above entitled action and aggrieved by the Court after the denial of only plaintiff's request for ruling No. 3, and deciding Nos. 1, 7, 10, & 11 to be facts and not requests for rulings, and dismissing the plaintiff's requests as Finding of Fact and giving as authority therefore the case of *Saunders v. Shoe Lace Co.*, 293 Mass. 265 which does not apply to same, and the special ruling in the defendant's Request for Ruling of Law No. 1 and the allowance of defendant's requests for rulings Nos. 5 to 7 inclusive. Requests a report to the Appellate Division for determination.

Signed Chester Rudnicki
by his attorney/s/ Halice Korelitz"

The defendant thereafter filed a Motion to Dismiss the plaintiff's request for report on the grounds that the same did not contain a clear and concise statement of the rulings upon which a re-hearing was requested as required by Rule 27 of the District Court Rules. The Court denied the defendant's motion and the defendant claimed a report. The report before us is a consolidated report of the plain-

tiff's allegations of errors in the trial court's rulings and refusal to rule and the defendant's claim of error in the denial of the defendant's Motion to Dismiss the report.

We consider first the defendant's claim of error. The defendant admits in his brief that insofar as certain requests are concerned they are sufficiently identified in the plaintiff's request for report. Obviously a trial court cannot dismiss a report for the reasons claimed by the defendant herein if any ruling is set forth as required by Rule 27. While, for the reasons hereinafter stated there was no error in the Court's denial of the defendant's motion, the question still remains as to which requests, and rulings thereon, are sufficiently identified and clearly and concisely set forth as to require or warrant our consideration of the same.

The request for report, as a whole, is not in accordance with the standard or usual form of requests for report. It is in phraseology, ungrammatical and in meaning, unclear. Reference is made however in the request for report, to the Court's ruling with respect to plaintiff's request Nos. 1, 3, 7, 10 & 11, and defendant's requests Nos. 5 to 7 inclusive. So far as these requests are concerned we feel that they are sufficiently identified and the claim of aggrievement sufficiently set forth to warrant or require our consideration of the court's rulings on the same. In *Barton v. Cambridge,* 318 Mass. 420, 422 the Court said: "In these cases the defendant referred by number to the requests for rulings that it contended were erroneously granted or refused. No decision is cited that holds such an identification insufficient."

We consider therefore the Court's ruling on plaintiff's request Nos. 1, 3, 7, 10 & 11 and defendant's request Nos. 5 to 7 inclusive. The following are the plaintiff's said requests:

(1) The plaintiff upon all the facts involved is entitled to

a finding that he did all the work and performed all the labor as alleged in his declaration on a reasonable charge therefore and is entitled to recover reasonable compensation.

(3) The husband Michael Needle being an attorney at law and in active practice and acting as attorney for the plaintiff could not legally act as agent for the defendant and as attorney for plaintiff.

(7) The defendant's husband Michael Needle, an attorney at law, never furnished to the plaintiff, any legal services which the plaintiff received in full satisfaction for his services of work and labor alleged in the plaintiff's declaration wherefore the defendant owes the plaintiff the full amount of the plaintiff's claim alleged in his declaration.

(10) Whether the plaintiff worked on an hourly basis or on a contract basis makes no difference as long as the charges for the work done are fair and reasonable for the work done.

(11) That the charges for the work done by the plaintiff were not exaggerated or inflated except in the opinion of the attorney who was double dealing his client, while acting as agent for his wife.

### The defendant's said requests read as follows:

(5) In the absence of any definite agreement or statutory reuirements a person is not entitled to double time for working either Saturday or Sunday.

(6) In an action to recover for labor rendered, evidence of the reasonable cost of labor to perform the work is admissible as tending to show the actual cost where this is in issue.

(7) If there has been no express contract, the amount due is the fair and reasonable amount for the labor services rendered.

We find no error in the denial by the Court of the plaintiff's said requests for ruling. Request No. 1 is clearly a request for findings of fact which the trial court is not obliged to consider. *Castano v. Leone,* 278 Mass. 429; *Lewis v. Loeb,* 317 Mass. 191; *Liberatore v. Town of Framingham,* 315 Mass. 538.

Requests Nos. 3 and 7 are not pertinent to any of the issues in the case.

■ Requests Nos. 10 and 11 are immaterial in view of the Court's findings of fact.

■ The rulings of the trial court on the defendant's requests for rulings were not only correct in law but were in no way prejudicial to the plaintiff. Defendant's requests Nos. 5, 6 and 7 relate to the compensation which the plaintiff was entitled to and the Court found all matters pertaining to the rate of compensation in favor of the plaintiff.

The plaintiff's only real objection to the Court's finding and rulings is based upon the fact that the Court found on all the evidence that the plaintiff worked only 60 hours instead of 480 hours as claimed by the plaintiff. This is of course a pure question of fact and such a finding if supported by evidence, as it is in this case, raises no question of law for our determination. *O'Toole v. Magoon*, 295 Mass. 527, 530; *Winebesh v. Mission*, 278 Mass. 427, 428; *Moss v. Old Colony Trust Co.*, 246 Mass. 139, 143.

There being no prejudicial error in the denial by the trial court of the plaintiff's requests for rulings Nos. 1, 3, 7, 10 & 11 and the allowance by the Court of the defendant's requests Nos. 5, 6, 7, the consolidated report is ordered dismissed.

Halice Korelitz, for the plaintiff.
Michael Needle, for the defendant.