FELIX CARFAGNO *vs.* VINCENT J. PANICO, administrator. November 3, 1967. On a petition for administration with the will annexed of the estate of Caterina Carfagno, a deceased widow, the judge allowed the will and also a codicil thereto. The petitioner, Felix Carfagno, a son of the testatrix and a beneficiary under the will, appealed from the allowance of the codicil. The judge made findings of fact on unreported evidence. The will was executed on June 10, 1961, the date set out in the testimonium signed by the testatrix. The codicil to the will was executed on or about July 3, 1963. The exordium of the codicil and the testimonium signed by the testatrix in the codicil leave blank the date and month of the execution of the will but both state the year as 1961. The attestation clause signed by the witnesses to the codicil, however, refers to the will as having been executed on July 3, 1961. The same attorney (not the petitioner) had drawn both instruments. The will of June 10, 1961, was the only will ever drawn for the testatrix by the attorney. The codicil was to be in relation to the will he had drawn. The codicil was executed on the eve of the attorney's departure for Europe. When he then called upon the testatrix with witnesses, he became aware that he did not have a copy of the will with him and that his secretary had left blank the date and month of the execution of the will. Neither he nor the testatrix remembered the exact date, but both agreed it was in the early part of June, 1961. The changes effected by the codicil relate specifically to three of the twenty-two provisions in the will of June 10, 1961. The judge

rightly concluded that the reference date in the attestation clause of the codicil was inaccurate and that the codicil in fact amended the will executed June 10, 1961. See *Taft* v. *Stearns*, 234 Mass. 273; *Goodwin* v. *New England Trust Co.* 321 Mass. 502, 504.

*Decree affirmed.*

*Neil L. Chayet* for the petitioner.
*Kenneth H. Soble* (*Vincent J. Panico* with him) for the respondent.